**ADAM J. FISHBEIN, P.C.**
ATTORNEY AT LAW

483 Chestnut Street
Cedarhurst, New York 11516

Telephone (516) 791-4400
Telecopier (516) 791-4411

April 25, 2013

**VIA ECF**
The Honorable Brian M. Cogan
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

**RE:   Wieder v. United
        13 CV 1415 (BMC)**

Dear Judge Cogan:

I represent the plaintiff in the above matter.  Please accept this letter as the parties' joint letter in preparation for the parties' initial conference scheduled for May 1, 2013 at 10:00 a.m.

**Plaintiff's position**

This matter was filed pursuant to the Fair Debt Collection Practices Act.  Plaintiff has alleged that the messages that the defendant left for the plaintiff failed to indicated that the message was from a debt collector in violation of 15 U.S.C. §§ 1692e(10) and 1692e(11).  This issue has already been addressed in Foti v. NCO decided by Judge Karas in the Southern District of New York.  I have addressed this issue before Your Honor on my occasions concerning different plaintiffs and different defendants.

In addition, we set forth at this time that at least in June , 2012 Betty on behalf of the defendant left a message for the plaintiff where the defendant left the name of the defendant as UCB.  We believe that the message was live but are not sure.  As Mr. Jacobs and I have had prior matters concerning this defendant and commonly refer to the defendant as UCB, this is not an official trade name.  I have confirmed with both websites maintained by the New York State Secretary of State and the New York City Department of Consumers Affairs that the name UCB is not a registered trade name.  Therefore, the defendant has also violated 1692e(14).  This additional allegation was set forth in an amended complaint filed on April 23, 2013.

The defendant has raised the issue of the bona fide error defense.  Plaintiff will be required to engage in discovery to determine the extensive policies and procedures set in place.  Plaintiff will spefically want to know defendant's procedure at the time for

leaving the name UCB in addition to the policies generally for leaving messages for consumers.

**Defendant's position**

It is defendant's position that the alleged voice message did not violate the FDCPA.

If it is determined that the subject voice message violated the statute by failing to provide proper disclosure, defendant asserts that it due to a bona fide error and will rely on the bona error defense. United Collection Bureau, Inc. has extensive policies and procedures in place to prevent FDCPA violations.

Defendant also believes that this should not be a class action complaint. Again, if the alleged phone message was left, it was the result of a bona fide error in a voice message to a single individual.

Thank you for the Court's consideration of the foregoing.


Yours faithfully,


/s/                                            /s/
_____           _____
Adam J. Fishbein                      Barry Jacobs